**(126 So. 206)**

No. 30146.

**BROWN et al. v. FURLONG et al.**

**In re TOOMBS' HEIRS.**

Jan. 6, 1930.

See, also, 167 La. 348, 119 So. 252; 167 La. 21, 118 So. 488; 166 La. 537, 117 So. 583.

M. D. Dimitry, of Shreveport, for relator.

A. P. Garland, Edw. Barnett, and John B. Files, all of Shreveport, for respondents.

O'NIELL, C. J. This is an application for a writ of mandamus to compel the district judge to grant the heirs of Florence A. Toombs an appeal from a judgment rendered in a partition proceeding. The petition for mandamus was filed by the late M. D. Dimitry, attorney at law, on behalf of the heirs of Mrs. Toombs. Mr. Dimitry died after this court had issued a rule on the district judge to show cause why the relief prayed for on behalf of the heirs of Mrs. Toombs should not be granted, and a representative of the succession of Dimitry has appeared and been made party to this proceeding, because Dimitry himself was a party to the partition proceedings and appealed in his own behalf from the judgment rendered therein. The appeal taken by Dimitry from the judgment rendered in the partition proceedings is now pending in this court.

The reason why the district judge refused to grant an appeal to the heirs of Mrs. Toombs on the motion of Dimitry, as their attorney, was that other attorneys at law opposed the motion, claiming that they represented the heirs of Mrs. Toombs, and averring that the judgment which Dimitry had appealed from in his own behalf was entirely favorable and satisfactory to the heirs of Mrs. Toombs, and that they did not desire to appeal from it. The same attorneys who opposed the motion of Dimitry for an appeal on behalf of the heirs of Mrs. Toombs have filed in this court affidavits signed by the heirs of Mrs. Toombs, declaring under oath that Dimitry was not authorized to take an appeal in their behalf, or as their attorney, that the judgment which Dimitry himself appealed from is satisfactory to them, and that they do not desire to appeal from it. There is therefore nothing to be done in this matter but to deny the relief asked for by Dimitry as attorney for the heirs of Mrs. Toombs and to dismiss this proceeding. Mr. Dimitry originally held powers of attorney to represent the heirs of Mrs. Toombs in this litigation, and we have no doubt that he believed that he was yet authorized to represent them when he asked for an appeal in their behalf.

The writs prayed for are refused, and this proceeding is dismissed.